## STITT *v.* HORTON.

[No. 20,633.　Filed November 28, 1905.]

DRAINS.—*Construction.—Contractor's Creditors.—Assignment of Contract.—Subcontractor with Notice.—Priorities.*—A landowner who becomes surety to enable a public drain contractor to raise money with which to construct a public drain, on the agreement that if such landowner had to pay such debt he should have credit on his assessment for the amount so paid, is not entitled to enforce such agreement against the assignee of such drain contract who completed the drain at his own expense, though he had notice of such landowner's agreement at the time of such assignment, no conspiracy to defraud such landowner being shown.

From Cass Circuit Court; *John S. Lairy,* Judge.

Suit by Thomas G. Horton against William S. Stitt. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*D. B. McConnell* and *Henry C. Pettit,* for appellant.
*Nelson & Myers* and *Bailey & Cole,* for appellee.

GILLETT, C. J.—Suit by appellee against appellant to procure the cancelation of a ditch assessment. A demurrer to the complaint was overruled. On issue of fact joined there was a finding and decree in appellee's favor. It appears from said complaint that a contract had been let to one Shea, by the auditor of Miami county, pursuant to statute, for the construction of a public drain; that appellee had been assessed for his proportionate share of the

cost of such construction; that while said Shea was working on the ditch he procured appellee and another to sign a note as sureties for him at a bank for $400, upon the agreement and understanding that if he (said Shea) failed to pay the note he would give appellee credit for his assessment; that the money so raised was used in the payment of laborers upon said ditch, but that appellee was subsequently compelled to pay the full amount of said note; that afterward said Shea made an assignment of all his right, title and interest in and to the ditch contract to appellant, who took the same, with full knowledge of appellee's agreement with said Shea, and completed the ditch. There are some further allegations in the complaint in the nature of conclusions, but, construing it in the light of the brief of appellee's counsel, we take it that the theory of said pleading is that under the facts above set forth appellant took said contract burdened with the agreement which had been made between appellee and said Shea.

It is to be observed that said complaint contains no allegation as to the circumstances under which appellant took the assignment of said contract, other than that he took it with notice, and it does not appear how much he was compelled to expend in order to complete the undertaking. Under §5675 Burns 1901, Acts 1891, p. 313, §4, the right of the contractor to the assessment is inchoate until the completion of the work. The primary duty of Shea, under his contract, was to complete the ditch. This was a duty which arose under a contract he had concluded with a public officer; and it was for the benefit of the public, as well as for the benefit of all persons assessed, that the ditch should be completed. All private barterings must give way before the necessity of completing the undertaking in which the public and landowners are interested. In the absence of averment it is proper to presume that appellant expended a large amount of money in the completion of the contract; and, at least as against such expenditure, any

possible rights of appellee must be held subordinate. Indeed, we are prepared to go further, and assert that in such circumstances appellee, in the absence of a conspiracy to defraud him, is not entitled to set up his agreement as against appellant. It was the latter's expenditure of money that lifted the inchoate assessments up to a property basis, and it was not for appellee merely to await the time when the efforts of a third person had resulted in the completion of the work for which the assessments were laid, and then come in and claim the benefit of an agreement with the prior contractor.

Judgment reversed, with a direction to the court below to sustain appellant's demurrer to the complaint.